# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CURTIS A. FLETCHER | NO. 18-CV-00860 |
| V. | JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | MAG. JUDGE RICHARD L. BOURGEOIS, JR. |

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] pursuant to Rule 12(b)(6) by Defendant, the Louisiana Department of Transportation and Development ("Defendant" or "DOTD"). Plaintiff, Curtis A. Fletcher ("Plaintiff" or "Fletcher"), filed an *opposition*,[2] to which Defendant *replied*.[3] Plaintiff filed a *sur-reply*.[4] Oral argument is not necessary. For the reasons which follow, the Court finds that the motion should be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he was employed as an engineer with the DOTD, beginning July 9, 1990, until his termination on October 9, 2014.[5]

---

[1] Rec. Doc. No. 16.
[2] Rec. Doc. No. 21.
[3] Rec. Doc. No. 27.
[4] Rec. Doc. No. 31.
[5] Rec. Doc. No. 1, p. 2, ¶ 5.
52619

Plaintiff avers that the DOTD is a recipient of federal financial assistance within the meaning of 29 U.S.C. § 794, and that Defendant has waived its sovereign immunity through its acceptance of federal funding.[6] Plaintiff claims that he was an "individual with a disability" within the meaning of 29 U.S.C. § 705(20)(B) and suffers from hypertension and resulting dizziness, which sometimes renders him unable to work or drive. Plaintiff claims that Defendant "has regarded him as disabled".[7]

At an unidentified time during his employment with Defendant, Plaintiff's condition allegedly worsened and he was temporarily unable to work. He requested leave under the Family and Medical Leave Act ("FMLA"), which was approved beginning May 7, 2014. While on leave, Plaintiff sought treatment; however, he claims that his condition worsened and he was temporarily unable to drive.[8] Plaintiff claims that Defendant was "well aware" of his condition and that it was well-documented.[9]

On August 6, 2014, Plaintiff claims that he was advised that: (1) his FMLA leave had expired; (2) his second request for FMLA leave was being denied; and (3) his continued leave would be considered sick leave.[10] Plaintiff claims that he was advised on September 18, 2014, that "his disability together with his exhaustion of sick leave required his termination under applicable Civil Service Rules".[11]

Plaintiff alleges that he requested a reasonable accommodation "of being allowed to use his accrued annual leave … so that he could take time to recover" until he could

---

[6] Rec. Doc. No. 1, p. 2, ¶ 7.
[7] Rec. Doc. No. 1, pp. 2-3, ¶ 8.
[8] Rec. Doc. No. 1, p. 3, ¶ 9.
[9] Rec. Doc. No. 1, p. 3, ¶ 10.
[10] Rec. Doc. No. 1, p. 3, ¶ 11.
[11] Rec. Doc. No. 1, p. 4, ¶ 12.
52619

return to work.[12]  This request was allegedly denied "without engaging in any interactive process".[13]  Plaintiff claims that he was terminated on October 14, 2014.[14]

Plaintiff alleges that he was "otherwise qualified" for his position and was able to "perform all essential functions of his job".[15]  Plaintiff claims that Defendant discriminated against him based on his disability and in violation of the Federal Rehabilitation Act.[16]

Plaintiff claims that he filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") for the alleged "discriminatory discharge".[17]  The EEOC allegedly issued a determination on September 27, 2017, and Plaintiff reserves his right to amend his complaint to assert a claim under the Americans with Disabilities Act ("ADA").[18]

Defendant now moves to dismiss Plaintiff's claims on two grounds: (1) that Plaintiff's claims are untimely on the face of the Complaint; and (2) that Plaintiff's allegations show that he was not "qualified" within the meaning of the Federal Rehabilitation Act of 1973 ("FRA"),[19] which is an essential element of his claim.[20]

---

[12] Rec. Doc. No. 1, p. 4, ¶ 13.
[13] Rec. Doc. No. 1, p. 4, ¶ 14.
[14] Rec. Doc. No. 1, p. 4, ¶ 15.
[15] Rec. Doc. No. 1, p. 4, ¶ 16.
[16] Rec. Doc. No. 1, p. 5, ¶ ¶17-18.
[17] Rec. Doc. No. 1, p. 5, ¶ 20.
[18] Rec. Doc. No. 1, p. 6, ¶ 20.
[19] 29 U.S.C. § 701, *et seq*.
[20] Rec. Doc. No. 16-1, pp. 1-2.
52619

## II. LAW AND ANALYSIS

### A. Motion to Dismiss under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[21] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[22] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[23] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[24] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[25] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[27] "Furthermore, while the

---

[21] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[22] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[23] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin,* 369 F.3d at 467).
[24] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[25] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "I*qbal*").
[26] *Twombly*, 550 U.S. at 570.
[27] *Iqbal*, 556 U.S. at 678.

52619

court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[28] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[29]

### B. Federal Rehabilitation Act

The Federal Rehabilitation Act was enacted on September 26, 1973 and prohibits discrimination against a qualified individual on the basis of a disability from participation in or the benefits of a program or activity which receives federal financial assistance.[30] In order to prove a prima facie case of discrimination under the FRA, the plaintiff must prove: (1) he was a qualified individual with a disability; (2) the program or facility received federal funding; and (3) he was adversely treated solely as a result of the disability.[31]

#### 1. Timeliness

Defendant first seeks dismissal of Plaintiff's claims on the grounds that Plaintiff's claims are untimely on the face of the Complaint.[32] The Court first notes that Plaintiff need not exhaust administrative remedies before filing a section 504 claim under the FRA

---

[28] *Taha v. William Marsh Rice University*, 2012 WL 1576099, at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[29] *Twombly*, 550 U.S. at 556 (quoting *Papassan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[30] 29 U.S.C. § 794(a); *Chandler v. City of Dallas*, 2 F.3d 1385, 1389 (5th Cir. 1993); *Chiari v. City of League City*, 920 F.2d 311, 315 (5th Cir. 1991).
[31] *Chandler,* 2 F.3d at 1390.
[32] Rec. Doc. No. 16-1, p. 1.
52619

against federal grantees.³³ The absence of an exhaustion requirement allows the limitations period to run even while a plaintiff pursues administrative remedies.³⁴

The Court now turns to the issue of what statute of limitations period applies. Plaintiff argues that the four-year statute of limitations provided in 28 U.S.C. § 1658 applies.³⁵ Defendant argues that the one-year statute of limitations provided under Louisiana state tort law applies.³⁶ Both are discussed in turn.

The FRA does not provide a statute of limitations. When Congress does not establish a limitations period for a federal cause of action, the court is to borrow the most analogous period from state law.³⁷ Generally, claims under the FRA are subject to the relevant state's limitations period for personal injury actions.³⁸ Under Louisiana law, the applicable prescriptive period for personal injury actions is one year.³⁹ Therefore, Plaintiff's claim pursuant to the FRA in this matter would be subject to a one-year statute of limitations.⁴⁰

---

³³ *Camenisch v. University of Texas*, 616 F.2d 127, 135 (5th Cir.1980), *vacated on other grounds by Univ. of Tex. v. Camenisch,* 451 U.S. 390 (1981);*See also Freed v. Consolidated Rail Corp.,*201 F.3d 188, 194 (3d Cir.2000) ("[S]ection 504 plaintiffs may proceed directly to court without pursuing administrative remedies."); *Brennan v. King,* 139 F.3d 258, 268 n. 12 (1st Cir.1998) ("[T]he Rehabilitation Act does not require exhaustion."); *Tuck v. HCA Health Servs. of Tenn., Inc.,*7 F.3d 465, 470–71 (6th Cir.1993) (finding no exhaustion requirement under the Rehabilitation Act for non-federal employees); *New Mexico Ass'n of Retarded Citizens v. State of New Mexico,* 678 F.2d 847, 850 (10th Cir.1982) (finding no exhaustion requirement); *Kling v. Los Angeles Cnty.,* 633 F.2d 876, 879 (9th Cir.1980) ("Section 504 remedies are inadequate and [ ] exhaustion is not required."); *Lloyd v. Reg'l Transp. Auth.,* 548 F.2d 1277, 1287 (7th Cir.1977) (same).
³⁴ *See Adams v. District of Columbia,* 740 F.Supp.2d 173, 182–83 (D.D.C.2010) ("A limitations period does not toll when a plaintiff is not required but chooses to exhaust his administrative remedies before pursuing a claim in court." (citing *Johnson v. Ry. Express Agency,* 421 U.S. 454, 461 (1975)).
³⁵ Rec. Doc. No. 21, pp. 4-10.
³⁶ Rec. Doc. 16-1, pp. 5-8.
³⁷ *Frame v. City of Arlington,* 657 F.3d 215, 236-37 (5th Cir.2011).
³⁸ *Id.* at 237 (applying Texas's two-year personal-injury limitations period to a Rehabilitation Act claim).
³⁹ La. Civ.Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year.").
⁴⁰ *See Griffin v. New Orleans City,* Civ. A. No. 14–559, 2015 WL 1012982, at *3 (E.D.La. Mar. 5, 2015) (applying Louisiana's one-year statute of limitations to a section 504 Rehabilitation Act claim). *See also, Griffin v. New Orleans City,* 628 Fed. Appx. 300, 301 (5th Cir. 2016); *Woods v. Board of Supervisors of Univ. of La. System Northwestern State Univ.,* 2017 WL 6000095, at *3 (M.D. La. Feb. 14, 2017); *Kelly v.*
52619

Plaintiff, however, argues that the four-year statute of limitations under the "catchall statute", 28 U.S.C. § 1658, should apply. For actions *arising under* federal statutes *enacted after* December 1, 1990, courts must apply a catchall four-year statute of limitations.[41] The FRA was enacted on September 26, 1973, long before December 1, 1990.[42] However, Congress enacted the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") on September 25, 2008, with an effective date of January 1, 2009. The ADAAA revised the definition of "disability" applicable to both the ADA and the FRA, and the purpose of the amendment was to broaden the definition of "disability" to expand coverage.[43] Since the ADAAA was enacted after December 1, 1990, and change to the definition of "disability", Plaintiff argues that the amendment gave rise to his claim and the four-year statute of limitations period applies.[44]

However, Plaintiff cannot simply point to a date of enactment of an Act of Congress that is after December 1, 1990, to trigger the longer limitations period. In addition to showing that the ADAAA was enacted after December 1, 1990, Plaintiff must also show that his claims were *not cognizable* under the pre-amendment version of the FRA and were, therefore, only "*made possible*" by the amendments contained in the ADAAA.[45] The Court must apply the default four-year limitations period under 28 U.S.C. § 1658 only

---

*Hines*, 2017 WL 1164334, at *4 (S.D. Tex. Mar. 29, 2017); and *Bhatti v. Sessions*, 2018 WL 4190141 (S.D. Tex. Aug. 10, 2018). *See also Webster v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. 13-6613, 2015 WL 4197589, at *4 (E.D. La. July 10, 2015).
[41] *See* 28 U.S.C. § 1658 ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.")(emphasis added).
[42] 29 U.S.C. § 794(a); *Chandler*, 2 F.3d at 1389; *Chiari*, 920 F.2d at 315.
[43] See 29 C.F.R. § 1630.1(c)(4).
[44] Rec. Doc. No. 21, pp. 3-10.
[45] *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004)(emphasis added).
52619

for *causes of action arising under* Acts of Congress enacted after December 1, 1990.[46] Therefore, the determination of the applicable limitations period turns on whether Plaintiff's claims were *cognizable before* the ADAAA was enacted and/or whether the ADAAA made Plaintiff's claims *possible*.

A claim is considered "cognizable" before the ADAAA amendments if Plaintiff's allegations fall within the pre-amendment version of the FRA.[47] Whether the ADAAA made Plaintiff's claims "possible" means that the claim "necessarily depends" on the amendments to the statute.[48] The standard "made possible" has also been explained as, "[a]n amendment to a federal statutory scheme that affords the *opportunity to seek a remedy not theretofore available* fits comfortably within the purview of section 1658".[49] However, "made possible" is not to be so narrowly construed as to require the "post-1990 statute" to "establish a new cause of action without reference to preexisting law".[50]

As this matter is before the Court on a Rule 12(b)(6) motion, the Court notes that in *Mercado v. Puerto Rico*, the plaintiff specifically referred to the ADAAA of 2008 in her complaint to plead her claim of being "regarded as" disabled, thus showing a dependence upon the amendment to make her claims "possible".[51] By contrast, in *Webster v. Board*

---

[46] *See* 28 U.S.C. § 1658(a) (2012); *Frame*, 657 F.3d at 237.
[47] *See Grimes v. Board of Regents of Univ. System of Ga.*, 650 Fed. Appx. 647, 651 (11th Cir. 2016)(applying the state statute of limitations instead of the four-year limitations period because the alleged claim "fell squarely within the pre-amendment version" of the applicable statute and therefore was not "cognizable only because of the … amendment").
[48] *See Mercado v. Puerto Rico*, 814 F.3d 581, 588 (1st Cir. 2016)(citing *Jones*, 541 U.S. at 382)("We conclude that the claims she brought in her 2014 complaint do 'necessarily depend' on that change and thus that her claims were 'made possible' by those 2008 amendments.").
[49] *Millay v. Maine Dept. of Labor, Bureau of Rehab., Div. for Blind and Visually Impaired,* 762 F.3d 152, 155-56 (1st Cir. 2014)(emphasis added)(citing *Baldwin v. City of Greensboro*, 714 F.3d 828, 834 (4th Cir. 2013); *Middleton v. City of Chicago*, 578 F.3d 655, 659-60 (7th Cir. 2009)).
[50] *See Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1338 (11th Cir. 2008)(citing *Jones*, 541 U.S. at 381).
[51] *Id.*
52619

*of Supervisors of Univ. of Louisiana System*, the plaintiff argued that claims under section 504 of the Rehabilitation Act are subject to a four-year statute of limitations. The Eastern District noted that the "Fifth Circuit … has held that 'the default four-year limitations period for federal causes of action does not apply' to a claim under section 504 of the Rehabilitation Act because the Rehabilitation Act was enacted before December 1990, and *plaintiffs failed to show that* the claims were 'made possible' by a post-1990 amendment to the statute."[52] The Eastern District noted that the plaintiff made "no showing that the ADA Amendments Act of 2008 made his claim possible".[53]

In *Mitchell v. Crescent River Port Pilots Ass'n*,[54] the Fifth Circuit Court of Appeal concluded that the plaintiff "would have a claim under [Section] 1981 [(the relevant Act of Congress)} even without the added language" of the amendment at issue and, therefore, found that the four-year limitations period did not apply. The Fifth Circuit characterized the inquiry as whether "a post–1990 enactment created a 'new right' that enables Mitchell to bring his causes of action".[55]

Especially relevant to this matter is the Sixth Circuit Court of Appeal's analysis of this same issue in *McCormick v. Miami University*:[56]

> McCormick, however, maintains that her section 504 claim is subject to § 1658's four-year statute of limitations because the claim was brought pursuant to the 1992 Amendments to the Rehabilitation Act. … *The 1992 Amendments did not provide McCormick a cause of action that was not available before 1992.* 'Congress passed the Rehabilitation Act in 1973 to make certain that no individual with a disability would "be subjected to

---

[52] *Webster v. Board of Supervisors of Univ. of La. System*, 2015 WL 4197589, n. 5 (E.D. La. 2015) (citing *Frame*, 657 F.3d at 236-37).
[53] *Id.*
[54] 265 Fed. Appx. 363, 368 (5th Cir. 2008).
[55] *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 368 (5th Cir. 2008)(citing *Jones*, 541 U.S. at 382).
[56] 693 F.3d 654, 663 (6th Cir. 2012).
52619

discrimination under any program or activity receiving Federal financial assistance.'" McCormick argues that the 1992 amendments 'expand[ed] the meaning and the scope of the definition of "individuals with disabilities,' " … and she would not have a cause of action under the pre–1992 Amendments Rehabilitations Act because McCormick was not an "individual with a disability"' under its former definition. McCormick *does not explain how the amendments created a cause of action previously unavailable to her*. McCormick also does not cite to any case law that supports her position that the amendments made her claim possible. The 1992 amendments essentially changed the nomenclature in section 504, 29 U.S.C. § 794(a) & (b), by replacing the word 'handicap' with the word 'disability.' The district court correctly concluded that McCormick's complaint alleged a general disability-based discrimination claim against an institution of higher education and § 794(a) would have allowed this suit before the 1992 amendments. Accordingly, we AFFIRM the district court's dismissal of McCormick's section 504 claim as time-barred under Ohio's two-year limitations period.[57]

Similarly, the Eleventh Circuit Court of Appeal reviewed the underlying district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6) on this very same issue, affirming the district court's finding that Section 1658 did not apply to a claim under the FRA:

> A four-year statute of limitations applies to any federal claim that was made possible by a post–1990 enactment. However, for discrimination claims under Title II of the ADA and the Rehabilitation Act, which were both enacted prior to 1990, the applicable limitations period is governed by the most analogous state statute of limitations. In Alabama, where this action was brought, the applicable limitations period is two years.[58]

Plaintiff argues that his claimed disability of "hypertension and resulting dizziness which have, at times, rendered him unable to work or drive"[59] would "likely" not have been found to be a disability before the ADAAA amendment in 2008, but would have been found to be a disability after the ADAAA amendment since it broadened the definition of

---

[57] *McCormick v. Miami Univ.*, 693 F.3d 654, 663 (6th Cir. 2012)(emphasis added)(internal citations omitted).
[58] *Horsley v. Univ. of Alabama*, 564 F. App'x 1006, 1008 (11th Cir. 2014)(internal citations omitted).
[59] Rec. Doc. No. 1, pp. 2-3.
52619

"disability".[60] Therefore, Plaintiff concludes, the ADAAA made Plaintiff's claim "cognizable" and "possible", triggering the applicability of the four-year limitations period. Plaintiff does not plead the ADAAA amendments in his Complaint or make reference to it.[61] Defendant argues that Plaintiff had a "cognizable" claim of disability discrimination for hypertension with dizziness that caused Plaintiff to, at times, be unable to work or drive under the FRA before the ADAAA amendment in 2008.[62] Defendant cites to numerous pre-amendment cases that acknowledge that hypertension, high blood pressure, or similar conditions may be found to be a disability.[63] Defendant cautions that the inquiry before the Court is not whether Plaintiff would have a stronger or better chance of prevailing post-amendment, but whether Plaintiff had a cause of action or possible claim pre-amendment.[64] The analysis is not whether "hypertension" was found to be a disability before the ADAAA, but whether Plaintiff would have had a plausible claim pre-ADAAA of disability discrimination for hypertension with dizziness that caused him to be unable to work and drive.[65] The Court agrees with Defendant.

Here, Plaintiff's claims under the FRA do not "necessarily depend" upon the broadening of the scope of the ADA and FRA under the ADAAA amendments. Prior to the 2008 amendment, a "disability" under the FRA was a physical or mental condition that

---

[60] Rec. Doc. No. 21, pp. 6-7; Rec. Doc. No. 31, p. 2.
[61] Rec. Doc. No. 1.
[62] Rec. Doc. No. 27, p. 7.
[63] For example, see *Oswalt v. Sara Lee Corp.*, 74 F.3d 91, 92 (5th Cir. 1996) ("We do not imply that high blood pressure in general can never be a "disability,' as defined by the statute. We hold only that Oswalt failed to provide any evidence that his high blood pressure substantially limited a major life activity."). See Laird v. Chamber of Commerce for New Orleans & River Region, No. 97-2813, 1998 WL 240401, at *1 (E.D. La. May 12, 1998) (allowing that high blood pressure may be a disability under the statute at that time). See Rec. Doc. No. 16-1, p. 8, n. 18.
[64] Rec. Doc. No. 27, p. 4.
[65] Rec. Doc. No. 27, p. 7.
52619

"substantially limited a major life activity". Working has consistently been found to be a "major life activity", including under the original terms of the FRA and before the 2008 amendments.[66] The amendments alleviated the requirement of showing that the purported disability "substantially limited a major life activity".[67] Therefore, Plaintiff's purported disability, as plead, falls within the more restrictive definition of "disability", pre-amendment.

While Plaintiff's argument was well-articulated and well-founded, the Court does not find a showing that the amendments of the ADAAA "made" Plaintiff a claim that he would not have had before 2008.[68] Plaintiff does not dispute that the cause of action of disability discrimination adverse to a federal grantee pursuant to the FRA existed before December 1, 1990. As reflected in the cases cited by Defendant, other plaintiffs have made claims of wrongful termination based on a disability of hypertension or similar conditions before the amendments.[69] While the Court agrees with Plaintiff that the ADAAA's broadening of the definition of "disability" makes his case "easier",[70] it does not make his claim "possible".

On the face of the Complaint, Plaintiff alleges a disability of "hypertension with dizziness" that "rendered him unable to work or drive".[71] Thus, Plaintiff has alleged that hypertension has substantially limited his major life activities of working. Working, pre-

---

[66] See Deas v. River West, L.P., 152 F.3d 471, 481 (5th Cir. 1998)(defining the "major life activity of working" and citing to 29 C.F.R. § 1630.2(j)(3)(i)); Brasfield v. Gilmore Memorial, 84 F.3d 431, at *2 (5th Cir. 1996)(listing working as a "major life activity" and stating that the plaintiff could still drive, implying it was a major life activity that she could still perform).
[67] 29 C.F.R. § 1630.2(j)(1)(ii).
[68] Mitchell, 265 Fed. Appx. at 368; McCormick, 693 F.3d at 663.
[69] Rec. Doc. No. 16-1, p. 8, n. 18.
[70] Rec. Doc. No. 21, p. 10.
[71] Rec. Doc. No. 1, pp. 2-3.
52619

ADAAA, is considered to be a major life activity.[72] Therefore, the ADAAA did not make it "possible" for Plaintiff's hypertension to be a disability and for him to have a cause of action under the FRA. Simply put, as the Complaint and jurisprudence presently read, Plaintiff's cause of action was "possible" and "plausible" before 1990 and before the ADAAA amendments of 2008. Therefore, the four-year statute of limitations under 28 U.S.C. § 1658 does not apply, and the one-year statute of limitations under Louisiana law does.

The Court now turns to the application of the one-year statute of limitations to Plaintiff's claims and the issue of accrual. While the limitations period is determined with reference to state law, accrual of a cause of action is governed by federal law.[73] Accrual generally occurs "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[74] "The requisite knowledge that a plaintiff must have to begin the running of the limitations period is merely that of the *facts* forming the *basis* of his cause of action, ... not that of the existence of the cause of action itself."[75]

Here, Plaintiff avers that: he began FMLA leave on May 7, 2014;[76] his leave had expired and would not be renewed on August 6, 2014;[77] he was notified on September

---

[72] *See Deas v. River West, L.P.,* 152 F.3d 471, 481 (5th Cir. 1998)(defining the "major life activity of working" and citing to 29 C.F.R. § 1630.2(j)(3)(i)); *Brasfield v. Gilmore Memorial*, 84 F.3d 431, at *2 (5th Cir. 1996)(listing working as a "major life activity" and stating that the plaintiff could still drive, implying it was a major life activity that she could still perform).
[73] *See Wallace v. Kato,* 549 U.S. 384, 388 (2007).
[74] *Smith v. Humphrey,* 540 F. App'x 348, 349 (5th Cir.2013) (quoting *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir.2001)).
[75] *Jensen v. Snellings,* 841 F.2d 600, 606 (5th Cir.1988) (internal quotation marks omitted) (alteration in original).
[76] Rec. Doc. No. 1, p. 3, ¶ 9.
[77] Rec. Doc. No. 1, p. 3, ¶ 11.
52619

18, 2014, that due to his disability and exhaustion of leave, he was being terminated;[78] he requested a reasonable accommodation on September 22, 2014;[79] his request was denied on September 29, 2014 without an interactive process;[80] and Defendant terminated his employment on October 14, 2014.[81]

Plaintiff does not address the issue of accrual. Defendant argues that Plaintiff had the requisite knowledge of the facts forming the basis of his cause of action when he was notified that "due to his disability and exhaustion of leave", that he was being terminated.[82] Plaintiff alleges that this occurred on September 18, 2014. The Court agrees that the notice issued on September 18, 2014, was the moment that Plaintiff should have become aware that he had been injured.[83] On the face of the Complaint, Plaintiff alleges that Defendant advised him that he had exhausted all of his leave and, combined with his "disability", he was losing his employment. The simple reading of the pleading alerts to termination based on a disability, an injury of loss of employment. Applying the one-year limitations period, Plaintiff's claim tolled on September 18, 2015. Suit was not filed until September 21, 2018, almost three years later. Plaintiff's suit is time-barred.[84]

---

[78] Rec. Doc. No. 1, p. 4, ¶ 12.
[79] Rec. Doc. No. 1, p. 4, ¶ 13.
[80] Rec. Doc. No. 1, p. 4, ¶ 14.
[81] Rec. Doc. No. 1, p. 4, ¶ 15.
[82] Rec. Doc. No. 16-1, pp. 6-7.
[83] *See Tapp v. Univ. of Texas Health Scis. Ctr. at Houston-Sch. Of Dentistry*, 2011 WL 6339819, at *3-4 (S.D. Tex. Dec. 19, 2011)(FRA claim arose on the day plaintiff received written notice of dismissal although formalized later).
[84] Plaintiff certainly had knowledge of this injury when he formally lost his employment, which is also the latest date plead on the face of the Complaint, October 14, 2014. Therefore, applying the one-year limitations period, Plaintiff's suit prescribed on October 14, 2015. Again, suit was not filed until almost three years later.

52619

In the interest of thoroughness, even if the four-year limitations period under Section 1658 applied, Plaintiff's suit was time-barred on September 18, 2018, and Plaintiff filed his suit three days late.

The Court finds that Plaintiff's claims are time-barred and dismisses Plaintiff's claims with prejudice.

### 2. "Qualified" Person

Defendant's second basis for seeking dismissal of Plaintiff's claims is that Plaintiff's allegations "show as a matter of law that he was not 'qualified' within the meaning of the FRA".[85] Because this Court has found that Plaintiff's claims under the FRA are time-barred, for the Court declines to address this issue.

### C. Motion to Amend

Plaintiff moves for leave of court to amend his Complaint.[86] The basis for the dismissal of Plaintiff's claims is that Plaintiff's suit was not timely. The issue is not a lack of pleading. Therefore, the Court finds that an amendment of the Complaint would be futile and denies Plaintiff's request.[87]

---

[85] Rec. Doc. No. 16-1, p. 2.
[86] Rec. Doc. 31, p. 6.
[87] *See Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 772 (9th Cir.1991) (noting that a "district court may decline to grant such leave ... where there is any *apparent or declared* reason for doing so, including ... the futility of the amendment." [internal quotations omitted; emphasis in original]).

### III. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss* is GRANTED based on the untimeliness of Plaintiff's claims. Plaintiff's claims are DISMISSED with prejudice pursuant to Federal Rule of civil Procedure 12(b)(6).

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 18, 2019</u>.

 *Shelly D. Dick*
 **CHIEF JUDGE SHELLY D. DICK
 UNITED STATES DISTRICT COURT
 MIDDLE DISTRICT OF LOUISIANA**